IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLIOT LOPEZ, | : | CIVIL ACTION NO. **4:CV-13-0998** |
| Petitioner | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| MONICA RECKTENWALD, | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

### I. Background.

On April 17, 2013, Elliot Lopez ("Petitioner"), an inmate at FCI-Allenwood, White Deer, Pennsylvania, filed, *pro se*, the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, along with an attached "Memorandum of Points & Authorities". (Docs. 1 & 2). Named as Respondent is FCI-Allenwood Warden Monica Recktenwald.[1] Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 3). On April 19, 2013, we issued an Order to Show Cause, in part granting the Motion to Proceed *in forma pauperis*, and directing Respondeat to file a Response to the Petition. (Doc. 4). On May 7, 2013, Respondent filed a Response to the Petition, and on May 21, 2013, Petitioner filed his Traverse. (Docs. 5-6). As such, Petitioner's Document 1 Petition is now ripe for review.

---

[1]Petitioner correctly names the only proper Respondent, the warden of FCI-Allenwood, Monica Recktenwald. *See* 28 U.S.C. §§ 2242, 2243. *See also Rumsfeld v. Padilla*, 542 U.S. at 434 (alteration in original) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"); *Stanko v. Obama*, 434 F. App'x 63, 65 n.1 (3d Cir. 2011); *Griffin v. Ebbert*, Civil Action No. 3:07-CV-2239, 2009 WL 866844, at *1 (M.D. Pa. Mar. 30, 2009).

## II. Factual Background

On January 30, 2012, Petitioner, an inmate at FCI-Allenwood, was given a drug test by urine sample. (Doc. 5, p. 1). That urine sample tested positive for THC, and the positive result was confirmed by the National Toxicology Lab. (Id. at p. 3). After the positive test result, the medical department at FCI-Allenwood indicated that Petitioner was not taking any medications that could potentially cause a false positive test result for THC/Cannabinoids. (Id.). Subsequently, on February 2, 2012, Petitioner was issued an incident report for a violation of the Bureau of Prison ("BOP") disciplinary code 112, namely, use of narcotics not prescribed by medical staff, and that report was given to Petitioner on February 3, 2012. (Id.).

Based on that charge, on February 6, 2012, Petitioner appeared before the Unit Discipline Committee, at which time he received a copy of the "Inmate Rights at Discipline Hearing" form, and a copy of the "Notice of Discipline Hearing Before the DHO," on which he indicated that he would not request counsel or call any witnesses at his hearing. (Id.). On February 29, 2012, the DHO held a hearing on the charge, at which time evidence was presented against Petitioner. (Id. at p.3). At the hearing, Petitioner admitted the charge against him. (Id.).

Pursuant to the hearing, on May 28, 2012, the DHO issued a written decision, finding that Petitioner had committed the prohibited act of using a narcotic not prescribed by the medical staff. (Id.). As punishment, the DHO sanctioned Petitioner to 30 days disciplinary segregation, 30 days in disciplinary segregation suspended for 180 days pending Petitioner's clear conduct, a 30-day disallowance of good conduct time, and a 1-year loss of visiting privileges from February 29, 2012 to March 1, 2013, to be followed by a 1-year period of no contact visits from March 1, 2013 to

March 1, 2014.  (Id.).  Petitioner received a copy of this report on May 28, 2012.  (Id.).

**II.  Allegations of Habeas Petition**

In his Document 1 Petition, Petitioner basically avers that his procedural due process rights were violated.  He does not dispute the outcome of the DHO hearing.  Instead, Petitioner states that the DHO did not provide him with a copy of its decision within 10 days, thereby violating his procedural due process rights.  In support of this proposition, Petitioner cites to 28 C.F.R. § 541.17(g) which states, in part,  "ordinarily, within 10 days, the inmate shall receive a written copy of the decisions and disposition."  Although unclear, Petitioner appears to be contending that he did not receive a copy of the DHO decision within 10 days of its issuance, and therefore, he was unable to appeal that decision, because the applicable appeal time frame had closed.  (Doc. 1, p. 3).

As relief, Petitioner requests that his DHO sanctions be "overturned in the interest of justice, so as to prevent a manifest injustice."  (Id. at p. 4).

**III.  Discussion.**

Initially, we note that the Respondent does not address the issue of exhaustion of available remedies.  Respondent does submit evidence that the Petitioner did, in fact, appeal the DHO's decision to the BOP Regional Office, however, Respondent makes no outright argument as to exhaustion.  As such, we will not consider whether Petitioner has fully exhausted all administrative remedies.

*1.  Due Process Claim*

The Supreme Court, in *Wolff v. McDonnell,*  418 U.S. 539, 563-67 (1974), identified the

minimum procedural due process rights to be afforded a prisoner accused of misconduct which may result in loss of good conduct time, which rights are applicable in the instant case. The prisoner has (1) the right to appear before an impartial decision making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. *Wolff*, 418 U.S. at 563-67; *McRae v. Holt*, Civil No. 08-0346, M.D. Pa.; *Redding v. Holt*, 2007 WL 2155543, *6 (M.D. Pa.).

In *Redding*, the Court stated:

> The Bureau of Prisons ("BOP") has specific procedures for inmate discipline pursuant to 28 C.F.R. § 541.10, *et seq.* The regulations, in relevant part, provide:
>
> [I]f the DHO finds that the inmate has committed a prohibited act(s) other than the act(s) charged, then the DHO shall record those findings clearly and shall change the Incident Report to show only the incident and code references to charges which were proved.
>
> § 541.17(f).
>
> In *Wolff v. McDonnell,* 418 U.S. 539, 563-67, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the United States Supreme Court described the constitutional due process requirements for prison disciplinary proceedings implicating the infringement of a cognizable liberty interest, such as the loss of good time credits. In relevant part, *Wolff* requires an inmate to receive at least twenty-four (24) hours notice of the alleged violations in writing. *Id.* at 564. The Court observed, "[T]he function of notice is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." *Wolff,* 418 U.S. at 563-67. Additionally, the fact

> finder must state in writing the evidence relied upon and the reasons
> for the disciplinary action. *Id*.

In addition to the due process requirements set forth in *Wolff* with respect to cases involving loss of good conduct time, the Court in *Williams v. Hislop*, 2007 WL 4111427, *4 (M.D.Pa. 2007), outlined the Bureau of Prisons' inmate disciplinary procedures:

> The Bureau of Prisons' inmate disciplinary procedures are codified at 28 C.F.R. § 541, *et. seq.*, and entitled, *Inmate Discipline and Special Housing Units*. These procedures are intended to meet or exceed the due process requirements prescribed by the Supreme Court. *See Von Kahl v. Brennan*, 855 F.Supp. 1413, 1418 (M.D.Pa.1994). Pursuant to these regulations, staff shall prepare an Incident Report when there is reasonable belief that a violation of BOP regulations has been committed by an inmate and the staff considers informal resolution of the incident inappropriate or unsuccessful. 28 C.F.R. § 541.14. The incident is the referred to the UDC for an initial hearing pursuant to § 541.15. The UDC hearing is "ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident" and does not include the initial day staff learns of the incident, weekends, or holidays. *See* 28 C.F.R. § 541.15(b). ... If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a disciplinary hearing officer for a hearing. 28 C.F.R. § 541.15. "The DHO shall give the inmate a written copy of the decisions and disposition, ordinarily within 10 days of the DHO's decision." 28 C.F.R. § 541.17(g).

In the present case, it is clear, based on Respondent's evidence (Doc. 5-1, pp. 14-38), that Petitioner was afforded all the rights set forth in *Wolff* and in the BOP's regulations. Petitioner was issued Incident Report No. 2263623 on February 2, 2012, charging him with BOP Disciplinary Code 112, use of narcotics not prescribed by medical staff. (Attach. B, Doc. 5-2, p. 23). The Incident Report was given to Petitioner on February 3, 2012. Incident Report No. 2263623 stated, in part, as follows:

5

> On January 20, 2012 at 9:57 PM, inmate LOPEZ, Elliot provided a urine sample with Specimen ID No. BOP0001564097, which showed an initial on-site positive result for THC. The test was mailed to National Toxicology Lab, Inc. On January 31, 2012, for confirmation of the positive result. On February 2, 2012, at approx. 4:00 PM, I received notification from National Toxicology that urine specimen No. NOP0001564097 was confirmed positive for Cannabinoids (THC Metabolite). [*See* Doc. 5-1, p. 24] The institution hospital was contacted regarding Inmate Lopez's medical records to verify if any medications were issued which would produce a positive test for this drug. Medical staff indicated that inmate Lopez had not received any medication that would cause a positive result for Cannabinoids (THC Metabolite).

The UDC reviewed the Incident Report and referred the charge against Petitioner to the DHO. On May 13, 2008, Petitioner was provided with a Notice of Disciplinary Hearing before the DHO regarding Incident Report No. 2263623. (Doc. 1, p. 29). Also, on February 60, 2012, Petitioner was provided with a Form entitled Inmate Rights at Discipline Hearing, and he was advised of all of his rights with respect to his DHO hearing, and he authorized signature of the form.[2] (Id. at p. 28). Thus, Petitioner was advised of all of his disciplinary hearing rights.

On February 29, 2012, Petitioner was afforded a DHO hearing, and given timely notice. Petitioner also waived his right to a staff representative. The Report from that hearing indicates that Petitioner made the following admission: "I've never had a shot before. I was going back and forth of my kid's mother. (sic) This drug comes in a pill form now and is on the compound. I took the pill. I did not think it would show up in a test. It is a way in green capsule. (sic)" (Id., Attach. D, p. 31).

---

[2]The document indicates that Petitioner was unable to sign the form because he was in hand restraints, however, he was given notice of his rights at the time indicated.

The DHO then found, based on the greater weight of the evidence, that Petitioner committed BOP Disciplinary Code 112, use of narcotics not prescribed by medical staff. (Id.). Petitioner then received the following sanctions:

> Disallowance of 40 Days Good Conduct Time
> Disciplinary Segregation - 30 Days
> Disciplinary Segregation - 30 Days (suspended 180 days, pending clear conduct)
> Loss of Privileges (Visits) - 1 year
> Loss of Privileges (Visitors) - 1 year

(Id., p. 33).

Petitioner was advised of his appeal rights and he was timely given a copy of the DHO's Report. (*Id*.). As stated, Petitioner did utilize his appeal rights by appealing the DHO decision to the Regional Office. (Attach. E, Id. at p. 36). The BOP Regional Office concluded that "the record in this case reflects substantial compliance with Program Statement 5270.09, Inmate Discipline." (Id.).

The only due process claim Petitioner seemingly makes is that he did not timely receive a copy of the results of his DHO hearing. In his Traverse, he states, "Respondent further suggests that Petitioner was provided a copy of the DHO's findings following the hearing. This is not true, Petitioner was provided a written copy of the DHO's report some 90 days after the hearing." (Doc. 6, p. 1). Petitioner states that, based upon 28 C.F.R. § 541.17(g), the DHO was required to issue him a copy of the written decision within 10 days of the hearing.

As Respondent correctly points out, however, Petitioner is improperly relying upon that language, as 28 C.F.R. § 541.17(g) was revised and made effective August 1, 2011, prior to the date of the incident. The revised subsection, 541.8(h) states only that ," you will receive a written copy

of the DHO's decision following the hearing." Further, as Respondent points out, the revised BOP Program Statement states, "The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision." *See* Program Statement 5270.09. Respondent freely concedes, as Petitioner asserts, that a written decision of the DHO was not issued until 3 months after the hearing. Respondent, however, argues that the language of the regulations should be interpreted as follows, "Assuming the revised policy was understood to mean 'ordinarily within 15 days of the DHO hearing.' absent from that mandatory language holding the DHO to strict time limitations. The use of the word 'ordinarily' implies that the general timing of the DHO providing the written decision to the inmate may be extended...The DHO was not able to issue his written decision any sooner than 3 months from the date of the DHO hearing because of the workload he was facing as the alternate DHO and a Case Manager." (Doc. 5, p. 7-8).

The Third Circuit has previously considered this issue, *i.e.* an inmate alleging due process violations based on the failure to receive a DHO written report within 10 days of his hearing. *Cook v. Warden, Fort Dix Correctional Institution*, 241 Fed. Appx. 828, 829 (3d Cir. 2007); *see also Aponte v. Bureau of Prisons*, 2012 WL 1865501 *6 (W.D. Pa. 2012).³ In *Cook*, the Third Circuit found that "even if Cook did not receive the DHO's written report within 10 days, pursuant to 28 C.F.R. § 541.17(g), the delay had no prejudicial effect on Cook's administrative appeal and thus does not provide a basis for habeas relief." *Id*. As such, we find the same reasoning applies to the instant case. Even if we accept Petitioner's argument that the DHO was obligated to issue him a

---

³Conspicuously, Respondent fails to cite to *Cook,* despite the fact that it was decided several years ago, and deals with the same issue raised in the instant Petition.

written decision within 10 days, we do not find that any such delay beyond that time frame had a prejudicial effect on Petitioner. Respondent's evidence clearly shows that Petitioner was able to appeal to the Regional Office. (*See* Attach. E). Insofar as Respondent does not raise the issue of exhaustion in the Response, we find that such an omission highlights the fact that Petitioner was afforded due process, as he actually has exhausted his remedies, and was not precluded from doing so by any alleged delays. Therefore, Petitioner presents no evidence that any action or delay by the DHO prejudiced him. In fact, the Respondent's evidence, and failure to raise an exhaustion argument belie Petitioner's claims of due process violations.

Based on these guidelines as set forth by the Supreme Court in the holding of *Wolff*, it is clear there was no violation of Petitioner's due process rights with respect to the disciplinary proceedings and DHO hearing. Furthermore, based on the Third Circuit's reasoning in *Cook*, we find no merit to Petitioner's due process claim.

**IV. Recommendation.**

Based upon the foregoing, we respectfully recommend that Petitioner Lopez's Petition for Writ of Habeas Corpus be denied. We also recommend that this case be closed.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: August 1, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLIOT LOPEZ, | : | CIVIL ACTION NO. **4:CV-13-0998** |
| Petitioner | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| MONICA RECKTENWALD, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 1, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights.

                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: August 1, 2013**